IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RICHARD HOEFT,

                                                                    OPINION AND ORDER

                Plaintiff,

                                                                    09-cv-114-bbc

     v.

JOHN SEARS,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        This is one of six civil actions plaintiff has pending on this court's docket. Plaintiff is proceeding <u>in forma pauperis</u> on his claim that defendant John Sears was deliberately indifferent to plaintiff's serious dental needs in violation of plaintiff's Eighth Amendment rights. Jurisdiction is present. 28 U.S.C. § 1331.

        Defendant has filed a motion for summary judgment. Dkt. #12. From the undisputed facts, I conclude that no reasonable jury could find that defendant was deliberately indifferent to plaintiff's serious dental needs. Thus, defendant's summary judgment motion will be granted.

        Before getting to the merits of defendant's motion, I must address defendant's motion to strike plaintiff's response to defendant's motion for summary judgment. Dkt. #21.

1

Defendant contends that plaintiff's documents responding to the summary judgment motion must be stricken as untimely. Defendant is correct that plaintiff's submissions were late. According to the docket sheet, any opposition to defendant's summary judgment motion was to be filed with the court by January 6, 2010. Further, the Preliminary Pretrial Conference Order explains that the deadline in which to respond to a summary judgment motion is 30 days after the court receives the initial motion, which in this case was January 6, 2010. Dkt. #11 at 5. However, plaintiff's response in opposition was not received by the court until January 11, 2010. See, dkts. ##17-20. Plaintiff did not ask for any extension and to date has not filed any motion or document explaining his late filing. Plaintiff is not in prison and is not entitled to the benefit of the "mailbox rule" that applies to prisoners who have no control over when their correspondence is deposited into the United States Mail. Further, as defendant points out, this is not a situation in which the documents were put into the mail before the deadline but delayed in reaching the court. According to the envelopes, some of plaintiff's documents were mailed on January 7, 2010 and others on January 9, 2010.

The Preliminary Pretrial Conference Order explains the importance of timely filing documents with the court. Dkt. #11. The court recognizes the difficulty pro se plaintiffs face in preparing everything to respond to a summary judgment motion. To help ease this difficulty the court provides pro se plaintiffs additional time to respond to such motions.

2

Represented litigants receive 20 days in which to oppose a summary judgment motion and pro se litigants receive 30 days. Specifically, the Preliminary Pretrial Conference Order explains that

> Because it is very hard for a pro se plaintiff to prepare everything needed to respond to a summary judgment motion, the court will give you 30 calendar days to file every part of your response and to serve it on the defendant's attorney. The court will start counting your 30 day response deadline on the day that it receives defendant's motion for summary judgment.

Dkt. #11 at 5. The order goes on to note that the difficulty of responding does not mean that the deadline is not firm. Specifically, the order states, "**BE AWARE: you are not going to get an extension of this 30 day deadline**." Id. at 6 (emphasis in original). However, enforcement of the deadline is not draconian. An extension may be granted if the pro se litigant "can convince the court that something totally unfair happened that actually prevented you from meeting your deadline." Id.

Plaintiff was put on notice that his opposition to defendant's summary judgment motion was to be filed with the court by January 6, 2010. Plaintiff did not mail the documents until after the January 6, 2010 deadline. It is true that deadlines for filing briefs are generally flexible periods that can be extended. Gross v. Town of Cicero, 528 F.3d 498, 500 (7th Cir. 2008). However, plaintiff neither requested an extension nor responded to defendant's motion to strike. Further, plaintiff was warned that he would not get an extension of the response deadline except in "totally unfair" circumstances and despite that

3

warning he has ignored this court's deadlines without so much as an attempted explanation of his actions. "Courts cannot operate without setting and enforcing deadlines." Id. at 499-500. The consequence of plaintiff's untimely response is that defendant's motion to strike will be granted and plaintiff's response will not be considered in resolving defendant's summary judgment motion. (I note that even if I were to consider plaintiff's submissions, doing so would not change the outcome of the case, because plaintiff does not dispute or propose the facts that are material to deciding this case.)

Using defendant's proposed findings of fact, I find the following facts to be material and undisputed.

## UNDISPUTED FACTS

### A. Stanley Correctional Institution Dental Services

To obtain services for dental needs, inmates submit a Dental Services Request to the Dental Services Unit, after which inmates are placed on one of three lists depending on their dental need. The Teeth Cleaning Wait List is for inmates who need to have their teeth cleaned. The Essential Wait List is for inmates who typically need to be seen within six months. The Denture Wait List is for inmates seeking replacement of teeth, adjustments, brux splints and dentures.

Under standard Department of Corrections practices, when a inmate is moved to

4

another institution, his name is removed from all lists at the institution at which he was previously confined. If an inmate returns to an institution where he was previously confined, he is not put back automatically on any wait list. Instead, he must request treatment or services before he will be returned to a wait list. In emergency circumstances, the inmate receives a priority appointment to see the dentist.

Standard dental practices require that an inmate's teeth be decay-free before he can be eligible for dentures and all dental treatment be completed before the dentures can be made. Under standard dental practices, after a tooth is extracted, a six-week healing period is required before the tooth can be replaced with dentures.

### B.  Plaintiff's Dental Needs

Plaintiff Richard Hoeft was confined at the Stanley Correctional Institution in Stanley, Wisconsin from December 11, 2003 to July 25, 2007. On July 25, 2005, defendant John Sears began his employment with the Wisconsin Department of Corrections as a dentist in the Dental Services Unit at the Stanley Correctional Institution.

On March 8, 2007, plaintiff filed a Dental Service Request to have cavities filled and receive dentures. Plaintiff was placed on the Teeth Cleaning, Essential and Denture wait lists. On April 12, 2007, plaintiff filed a Dental Service Request to receive partial dentures because he could not properly chew food. Plaintiff remained on the Denture wait list. On

5

April 16, 2007, a priority appointment was made for plaintiff to see defendant. On April 18, 2007, defendant examined plaintiff's teeth and determined that tooth #20 was non-restorable. Plaintiff was given post-operative instructions and prescribed pain medication.

On April 30, 2007, plaintiff filed a Dental Service Request to have cavities filled, his teeth cleaned and receive dentures. Plaintiff remained on the wait lists. Defendant did not treat plaintiff again before plaintiff was transferred to another institution on July 25, 2007.

Plaintiff returned to the Stanley Correctional Institution for a two-day stint from September 12, 2007 to September 13, 2007. Plaintiff's final stay at the Stanley Correctional Institution was from September 30, 2008 until his release on February 24, 2009. During his third period of incarceration at the Stanley Correctional Institution, plaintiff submitted five Dental Service Requests complaining about tooth pain and requesting partial dentures.

On October 23, 2008, plaintiff filed a Dental Service Request complaining about "a lot of pain" and seeking to be fitted for partial dentures. Defendant reviewed this request and placed plaintiff on the Teeth Cleaning and Essential wait lists and scheduled for an exam and x-rays. On November 5, 2008, plaintiff's teeth were x-rayed and the cavities in teeth #13 and #14 were worked on.

On November 17, 2008, plaintiff filed a Dental Service Request, complaining that his teeth hurt "very badly." Defendant reviewed the request. On November 19, 2008,

plaintiff was seen in the dental unit to begin the process for a root canal on tooth #7 and to complete the restoration work on tooth #29. On November 20, 2008, plaintiff filed a Dental Service Request seeking a dental impression for partial dentures. Defendant reviewed the request and placed plaintiff on the Denture wait list.

On December 9, 2008, plaintiff filed a Dental Service Request asking about his root canal and receiving partial dentures. Defendant reviewed the request and on December 11, 2008, the root canal on tooth #7 was completed. On December 26, 2008, plaintiff filed a Dental Service Request, explaining that the tooth on which he received the root canal had broken off and mentioning his desire for partial dentures. Defendant did not receive or review this request. A priority appointment was made for plaintiff. On January 6, 2009, plaintiff's #7 tooth was extracted because it had fractured. On January 29, 2009, plaintiff received a teeth cleaning. Plaintiff was still on the Denture wait list when he was released from the Stanley Correctional Institution on February 24, 2009.

## OPINION

### A.  Summary Judgment Standard

Under Fed. R. Civ. P. 56, summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the court must view all facts and draw all

inferences from those facts in the light most favorable to the non-moving party. Schuster v. Lucent Technologies, Inc., 327 F.3d 569, 573 (7th Cir. 2003). Nonetheless, the party that bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate through the proposal of specific facts that there is a genuine issue of material fact that requires a trial. Hunter v. Amin, 583 F.3d 486, 489 (7th Cir. 2009) (internal quotation omitted); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

The applicable substantive law will dictate which facts are material. Darst v. Interstate Brands Corp., 512 F.3d 903, 907 (7th Cir. 2008). Further, a factual dispute is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 248; Roger Whitmore's Automobile Services, Inc. v. Lake County, Ill., 424 F.3d 659, 667 (7th Cir. 2005). The court's function in a summary judgment motion is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249; Hemsworth v. Quotesmith.Com, Inc., 476 F.3d 487, 490 (7th Cir. 2007).

### B. Deliberate Indifference to a Serious Dental Need

The Eighth Amendment prohibits prison employees from showing deliberate indifference to prisoners' serious medical needs. Estelle v. Gamble, 429 U.S. 97, 103

8

(1976). To defeat defendant's motion for summary judgment on plaintiff's deliberate indifference claim, plaintiff must present facts from which a reasonable jury could infer that he had a serious medical need and that defendant was deliberately indifferent to that need. Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997).

1. Plaintiff's serious dental need

According to the Court of Appeals for the Seventh Circuit, "dental care is one of the most important medical needs of inmates." Wynn v. Southward, 251 F.3d 588, 593 (7th Cir. 2001) (citation omitted). Nonetheless, the importance of dental care does not eliminate the requirement that the dental need at issue must be "objectively serious." Board, 394 F.3d at 479-80. A condition meets this standard if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005).

For purposes of summary judgment, defendant does not deny that plaintiff had serious dental needs. The undisputed facts establish that plaintiff complained of tooth pain and difficulty chewing food. Further, defendant treated plaintiff's dental problems and placed him on institutional wait lists for dental treatment. The kinds of dental problems that defendant has are objectively serious ones. Wynn, 251 F.3d 593 (citing cases of

9

objectively serious dental needs). Therefore, a reasonable jury could find that plaintiff suffered from an objectively serious dental need.

2. Defendant's deliberate indifference

The deliberate indifference component of plaintiff's claim requires him to establish that defendant acted with a sufficiently culpable state of mind. Gutierrez, 111 F.3d at 1369. To show deliberate indifference, a plaintiff must establish that the defendant was "subjectively aware of the prisoner's serious medical needs and disregarded an excessive risk that a lack of treatment posed" to his health. Wynn, 251 F.3d at 593. In other words, the official "must 'both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists' and 'must also draw the inference.'" Greeno, 414 F.3d at 653 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)).

A plaintiff alleging deliberate indifference who has received medical care addressing his health care needs must show that the treatment he received was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate" plaintiff's serious medical condition. Snipes v. DeTella, 95 F.3d 586, 592 (7th Cir. 1996) (internal quotation omitted). Mere disagreement with a doctor's medical judgment, Edwards v. Snyder, 478 F.3d 827, 831 (7th Cir. 2007), inadvertent error, negligence, malpractice or even gross negligence in providing treatment is insufficient to establish deliberate

10

indifference.  Washington v. LaPorte County Sheriff's Dept., 306 F.3d 515 (7th Cir. 2002).

Plaintiff has produced no evidence from which a reasonable jury could find that defendant's treatment of plaintiff's dental needs rose to the level of deliberate indifference. Although plaintiff never received partial dentures, he received many other forms of treatment.  Plaintiff had cavities filled, teeth extracted and a root canal and received pain medication for his dental problems.  None of the undisputed facts support the conclusion that only immediate receipt of partial dentures would have reduced plaintiff's dental problems, including his tooth pain.  Although plaintiff may disagree with defendant's decision to treat plaintiff's tooth decay problems before addressing any need for partial dentures, such a disagreement does not rise to the level of deliberate indifference.  E.g., Estate of Cole by Pardue v. Fromm, 94 F.3d 254, 261 (7th Cir. 1996) ("Mere differences of opinion among medical personnel regarding a patient's appropriate treatment do not give rise to deliberate indifference."); see also, Snipes, 95 F.3d at 592 ("It would also be absurd to say . . . that the Constitution requires prison doctors to administer the least painful treatment.  That may be preferable, but the Constitution is not a medical code that mandates specific medical treatment.").

Moreover, it is undisputed that standard dental practice required that plaintiff's teeth be free from decay and all of his dental treatments completed before he could receive dentures.  During the time in which defendant was overseeing plaintiff's dental care, plaint

11

had repeated instances of tooth decay. For example, during plaintiff's final stay at the Stanley Correctional Institution, he needed a root canal and eventual extraction of the same tooth after it broke. Thus, no reasonable jury could find that defendant's decision to have plaintiff wait to receive partial dentures while he treated plaintiff's tooth decay problems was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate" plaintiff's serious dental problems. Snipes, 95 F.3d at 592 (internal quotation omitted). Defendant is entitled to summary judgment.

## ORDER

IT IS ORDERED that

1. Defendant John Sears's motion to strike, dkt. #21, is GRANTED.

2. Defendant's motion for summary judgment, dkt. #12, is GRANTED.

3. The clerk of court is directed to enter judgment in favor of defendant.

Entered this 3rd day of March, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge